The opinion of the court was delivered by
Rogers, J.
This was an action of debt on book account by William Tyson, Nathan Tyson, and Charles M, Poor, merchants, trading under the firm of Tyson and Co:, against e7o/m M‘Dowell. The defence relied on, was an allegation of a partnership between Tyson and Co., and Byrnes and Co., in the purchase of flour in the fall of 1S16; and, that the defendant had furnished flour to those companies, as partners, to the amount of four thousand dollars, which be offers to allow and set off against the plaintiffs, to the full amount of their debt and damages. The only material inquiry is, whether, admitting the partnership, this demand of John M‘Dowell against the firms of Tyson and Co. and Byrnes and Co., be the proper subject of set off in this suit. This action is brought, to recover a demand of the firm of Tyson and Co., for a debt contracted by M* Dowell, without a reference to the alleged partnership with Byrnes and Co. If a partnership did actually exist, there is nothing to prevent McDowell from commencing suit against them, and recovering his debt. In that case, Byrnes and *301 Co., if able, would be compelled to pay their share of the debt. Is it however, the subject of set off? I do not think that it is, because there is a want of that mutuality which the law requires; fot mutuality of debts is the essential circumstance of a set off. 1 Binn. 64.
In the course of the argument, a great deal of matter has been pressed into the case which does not fairly arise. The first, whether Isaac Tyson was a dormant partner, does not appear to have been made; and wretched indeed would be the administration of justice, if this court should reverse a judgment for an error, which the judge who tried the cause did not commit.
After an attentive consideration of the evidence, I cannot perceive how the withdrawal of Isaac Tyson from the partnership of Tyson and Co., enters into the merits of this case. Had the question fairly arisen, it would have been well worthy of inquiry whether the same rule does riot apply to set off, as to an original suit, and whether, in that case, the withdrawal of Isaac Tyson from the firm of Tyson and Co., should not have been distinctly alleged on the record.
It may be sufficient to pbserve, that the evidence of the withdrawal of Isaac Tyson was offered and .received, as a memorandum, regularly executed and attested, and not as an entry in the books of Tyson and Co.
• - Judgment affirmed.